# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA G. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-10-391-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Barbara Smith requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security

regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born November 24, 1967, and was forty-one years old at the time of the administrative hearing (Tr. 58, 650). She completed high school (Tr. 128), and has worked as a warehouse worker, restaurant cashier/waitress, restaurant assistant manager, and hairdresser (Tr. 675). The claimant alleged that she has been unable to work since January 15, 2003, due to a back/spine/ankle/foot injury, headaches, and leg numbness. (Tr. 123).

## Procedural History

On August 26, 2003, the claimant protectively applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 106-110), and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Kim Parrish conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated June 19, 2007. (Tr. 311-321). The Appeals Council remanded the case, and ALJ Kim Parrish conducted a second administrative hearing and determined that the claimant was disabled, beginning January 15, 2003 and ending July 7, 2005, in a written opinion dated November 3, 2009. (Tr. 17-28). The Appeals Council then denied review, so the ALJ's November 3, 2009 written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that, beginning July 8, 2005, the claimant had the residual functional capacity (RFC) to

-3-

perform a full range of light work, 20 C.F.R. §§ 404.1567(a) and 416.967(a), limited to lifting no more than ten pounds at a time and only occasionally stooping, kneeling, and crouching. In other words, the claimant could perform a limited range of light work, and a wide range of sedentary work. (Tr. 25-26). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform in the regional and national economies, *e. g.*, charge account clerk, addresser, and microfilm document preparer. (Tr. 20-21).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly consider the opinion of her treating physician Dr. Wellie Adlaon, as well as the opinion of Physician's Assistant Peggy Atwood, and (ii) by incorrectly ending her period of disability. The Court finds the ALJ *did* fail to properly consider Ms. Atwood's opinion, and the decision of the Commissioner must therefore be reversed.

The relevant medical evidence shows that the claimant had the severe impairments of lumbar disc disease, depression, diabetes, and knee, hip, and ankle problems. (Tr. 21). She underwent a lumbar fusion surgery in 2004, and hardware removal in 2005. (Tr. 190-200, 211-228). The claimant began receiving treatment in 2006 at the Family Health Center of Southern Oklahoma, and Ms. Atwood's treatment notes span from March 2006 to September 2009. Ms. Atwood treated the claimant, *inter alia*, for left knee pain, chronic back pain, and diabetes mellitus. (Tr. 510-525, 573-576, 590-591, 613-615). On January 29, 2008, the claimant underwent surgery for a torn meniscus in her left knee. (Tr. 412-434). On September 14, 2009, Ms. Atwood completed a Medical Source

Statement as to the claimant's physical impairments, which she indicated encompassed an evaluation of the claimant's impairments from 2006 to the present. She found that the claimant should be limited to carrying less than ten pounds a day, standing/walking less than two hours in an eight-hour workday and only thirty minutes continuously, sitting less than two hours in an eight-hour workday and only fifteen minutes continuously, and she was also required to lie down during a normal workday in order to manage pain. Additionally, Ms. Atwood found that the claimant could never climb, balance, stoop, kneel, crouch, or crawl, and only occasionally reach, handle, and finger. In support of these findings, Ms. Atwood referred to MRIs of the claimant's left knee, which had a torn meniscus, and of her L4/L5 and L5/S1. (Tr. 607-608).

At the first administrative hearing, the claimant testified that her disability began on January 15, 2003, when she was fired from her job at Dollar General due to absenteeism, which she attributed to pain from a 2001 fall off a conveyor belt. (Tr. 627). At the second administrative hearing on November 3, 2009, the claimant testified that her back surgery provided some relief, but that the pain was worsening again in both frequency and intensity and that she is never pain-free. (Tr. 653-654). She stated that the pain moves down her legs and is worse in her left knee than her right knee, and that the more activity she engaged in, the worse the pain would be, and the longer the recovery would take. (Tr. 654-655). In addition to pain, the claimant testified that her ankles and knees swell when she engages in too much activity; that she tries to reduce the swelling by elevating her limbs, but that it does not always work; that her lower back is constantly numb and her right hip frequently goes numb; and that she gets muscle spasms in her

lower back and charley horses in her legs. (Tr. 654-662). The claimant also testified that she gets migraine headaches two to three times a week, and she takes Excedrin migraine medication for them. (Tr. 664-665).

Social security regulations provide for the proper consideration of "other source" opinions such as those provided by Ms. Atwood herein. *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" and by considering 20 C.F.R. §§ 404.1527, 416.927 factors in determining the weight of these opinions), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *1; Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *6 (discussing considerations of evidence from sources who are not acceptable medical sources and stating that "[a]lthough there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The relevant factors for evaluating opinion evidence from other sources are: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v)whether the claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06-03p

at *4-5; 20 C.F.R. § 404.1527(d). The ALJ stated in his written opinion that Ms. Atwood's assessment of the claimant's RFC was based on subjective complaints, which did not support a finding of disability after July 7, 2005 as per the opinion of an unnamed treating physician to whom the ALJ gave more weight. (Tr. 23). The ALJ thus concluded, "Although the claimant has experienced some medical problems since July 7, 2005, such problems have varied from one time to another. The medical reports [do] not show any impairment or impairments of the nature, intensity, frequency, or severity that would support a finding of disability after July 7, 2005" (Tr. 26). This analysis of Ms. Atwood's assessment of the claimant's RFC was deficient for two reasons.

First, the ALJ only vaguely alluded to the above-discussed factors for evaluating "other source" opinions, and it is therefore unclear whether he properly considered them. *See, e. g., Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation."). *See also Bowman v. Astrue*, 511 F.3d 1270, 1274-75 (10th Cir. 2008) (discussing the application of SSR 06-03p and noting that "'[o]pinions from [other sources] . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.'"), *quoting* Soc. Sec. Rul., 06-03p, 2006 WL 2329939, at *3. *Cf. Carpenter v. Astrue*, 537 F.3d 1264, 1267-68 (10th Cir. 2008) ("Although a chiropractor is not an 'acceptable medical source' for diagnosing an impairment under the regulations, the agency has made clear that the opinion of such an 'other source' is relevant to the questions of severity and functionality. The ALJ was not

entitled to disregard the 'serious problems' set out in Dr. Ungerland's opinion simply because he is a chiropractor."). Second, the ALJ's finding that Ms. Atwood's opinion was inconsistent in light of the records from other treating physicians is essentially meaningless, because the ALJ did not specify the treating physician to whom he was referring or otherwise indicate the inconsistencies to which he was referring. *Frantz*, 509 F.3d at 1302 (noting that SSR 06-03p "specifies that the factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. § 404.1527(d) and § 416.927(d) apply equally to all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources' [and] instructs the adjudicator to explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.") [internal quotations omitted]. *See also Langley*, 373 F.3d at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings."), *quoting Watkins*, 350 F.3d at 1300.

Because the ALJ failed to properly consider the "other source" opinion provided by Ms. Atwood, the decision of the Commissioner should therefore be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 21st day of March, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma